UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AUTOZONERS, LLC, FRANCISCO FONSECA, and DOES 1-50, inclusive,<br><br>　　　　　Defendants. | Case No. 8:23-cv-02502-JWH-DFM<br><br>**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |

## I.  BACKGROUND

Plaintiff Marilyn Gonzalez, a California citizen, originally filed this action in Orange County Superior Court.[1] Defendant AutoZoners, LLC ("AutoZone") removed the action to this Court, asserting diversity jurisdiction. AutoZone, a corporate citizen of Nevada and Tennessee, argues that its co-Defendant Francisco Fonseca, another California citizen, was fraudulently joined, so his presence does not defeat diversity jurisdiction.[2]

As an initial matter in every case, the Court must ensure that it possesses subject matter jurisdiction.  District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332.  The party invoking the Court's jurisdiction bears "the burden of demonstrating that the court has subject matter jurisdiction to hear an action." *Nguyen v. Cache Creek Casino Resort*, 2021 WL 22434, at *2 (E.D. Cal. Jan. 4, 2021), *report and recommendation adopted sub nom. Hung Nguyen v. Cache Creek Casino Resort*, 2021 WL 568212 (E.D. Cal. Feb. 16, 2021) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

The Court is vested with "broad discretion" to permit or deny discovery. *Laub v. U.S. Dept. of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003).  Further, "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id.* (quoting *Butcher's Union Loc. No. 498, United Food and Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). Discovery should be granted when, as here, "the jurisdictional facts are contested or more facts are needed." *Id.*; *see also Brophy v. Almanzar*, 359

---

[1]    *See generally* Notice of Removal [ECF No. 1].

[2]    *Id.*

F. Supp. 3d 917, 926 (C.D. Cal. 2018) (*sua sponte* order for the parties to conduct jurisdictional discovery).

The Court concludes that jurisdictional discovery is appropriate for the parties to establish the diversity of citizenship requirement and for the Court definitively to determine whether it possesses subject matter jurisdiction.

## II.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The parties are **GRANTED** leave to engage in jurisdictional discovery, including, but not limited to, narrowly tailored interrogatories and requests for admission with respect to Fonseca's citizenship and role in the allegations.

2. The parties and their respective counsel are **DIRECTED** to review and to consider carefully their obligations under the Local Rules and Rule 11 of the Federal Rules of Civil Procedure; in particular, Rule 11(b)(3) and Rule 11(b)(4).  Upon such consideration, if any party decides to withdraw any filings, then that party may do so in accordance with the Local Rules.  *See, e.g.*, L.R. 7-16.

3. Each party is **DIRECTED** to file no later than August 30, 2024, supplemental briefing on the issue of diversity of citizenship and subject matter jurisdiction.  Each party's brief should be no more than five pages in length.  A hearing on this Order to Show Cause is **SET** for September 27, 2024, at 9:00 a.m., in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**

Dated: July 2, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE